**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.M., a minor, through her Guardian, D.H., individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. ) |
| TIKTOK, INC. and BYTEDANCE, INC., | ) ) |
| Defendants. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff D.M., a minor, by and through her guardian D.H., individually and on behalf of all other persons similarly situated, by and through undersigned counsel, brings this class action lawsuit for violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), against Defendants TikTok, Inc. ("TikTok") and ByteDance, Inc. ("ByteDance") (collectively the "Defendants"). Plaintiff alleges the following acts based upon personal knowledge, due investigation of her counsel, and, where indicated, on information and belief:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of TikTok and ByteDance in capturing, collecting, storing and using Plaintiff and other similarly situated individuals' biometric identifiers[1] and biometric information[2] (referred to collectively at times as "biometrics") without first obtaining informed

---

[1]  A "biometric identifier" is any personal feature that is unique to an individual, including fingerprints, iris scans, and "face geometry," among others.

[2]  "Biometric information" is any information captured, converted, stored or shared based on a person's biometric identifier used to identify an individual.

written consent or providing the requisite data retention and destruction policies, in direct violation of BIPA. This action seeks to ensure the privacy of Illinois minors aged 14 to 17 is adequately protected.

2.     TikTok is a popular video-sharing social networking service used to create short videos, favored by children and teens.  TikTok's owner, ByteDance, was founded in 2012 and based in Beijing, China.  ByteDance, is well known as a hit app factory that has spent the last decade using technologies such as artificial intelligence and facial recognition.[3] TikTok currently has approximately 2.4 million active daily users, many of whom are minors.

3.     TikTok's reported connections to the Chinese government have recently come under close public scrutiny. At least two U.S. Senators formally requested that the Intelligence Community conduct an assessment of the national security risks posed by TikTok. Because of data concerns, some U.S. military branches have even banned the use of the TikTok App ("App") on government-issued phones. Republican Senator Josh Hawley has called for a total ban on the use of the app across the United States.[4]

4.     Defendants use the popular App to collect, capture, obtain, store and, upon information and belief, disclose and otherwise disseminate Illinois resident minor TikTok users' facial geometric scans.

5.     Defendants do not inform the App's users that their biometric data is being collected, captured, received, obtained, stored, and/or used by the App. Nor do Defendants disclose

---

[3]     *"Worries That TikTok Is A Threat To National Security Have Merit,"* at https://www.bloomberg.com/news/newsletters/2019-10-29/worries-that-tiktok-is-a-threat-to-national-security-have-merit (last accessed May 11, 2020).

[4]     *"Is TikTok Raiding Your Privacy in 2020? Here Is How To Stop It,"* at https://www.forbes.com/sites/tjmccue/2020/02/13/is-tiktok-raiding-your-privacy-in-2020-here-is-how-to-stop-it/#1e34f6b569c8 (last accessed May 11, 2020).

what they do with that data, who has access to that data, and whether, where, and for how long that data is stored.

6.      In promulgating BIPA over a decade ago, the Illinois Legislature declared that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

7.      In recognition of these and other concerns over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, inter alia, that a private entity-like Defendants may not obtain and/or possess an individual's biometrics unless it: (i) informs that person in writing that biometric identifiers or information will be collected or stored; (ii) informs that person in writing of the specific purpose and length of term for which such biometric identifiers or biometric information is being collected, stored and used; (iii) receives a written release from the person for the collection of his or her biometric identifiers or information; and (iv) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.  *See* 740 ILCS 14/15.

8.      Further, the entity must store, transmit and protect an individual's biometric identifiers and biometric information using the same standard of care in the industry and in a manner at least as protective as the means used to protect other confidential and sensitive information.  *See* 740 ILCS 14/15(e)(1). Finally, the entity is expressly prohibited from selling, leasing, trading or otherwise profiting from the individual's biometrics.  *Id*. at 14/15(c).

9.     In direct violation of each of the foregoing provisions of 740 ILCS 14/15(a) and (b) of BIPA, Defendants are actively collecting, capturing, storing, and using–without providing notice, obtaining informed written consent or publishing data retention policies–the facial geometry and associated personally identifying information of hundreds of thousands of App users, most of which are minors.

10.     Plaintiff, on behalf of herself and the Class as defined herein, brings this action to prevent Defendants from further violating the privacy rights of minor citizens in the state of Illinois, and to recover statutory damages for Defendants' unauthorized collection, capture, storage and use of individuals' biometrics in violation of BIPA.

## JURISDICTION AND VENUE

11.     The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d)(2) ("CAFA"), because (i) at least one member of the Class is a citizen of a different state than Defendant, (ii) the amount in controversy exceeds $5,000,000 exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

12.     This Court has personal jurisdiction over Defendants because Defendants used and disseminated data derived directly from Illinois-based TikTok users and exposed residents of Illinois to ongoing privacy risks within Illinois based on the collection, capture, obtainment, disclosure, redisclosure and dissemination of their biometric identifiers and information. Furthermore, many of the images Defendants used for their unlawful collection, capture and obtainment of biometric identifiers and information were created in Illinois, uploaded from Illinois, and/or managed via Illinois-based user accounts, computers, and mobile devices. Because of the scope and magnitude of Defendants' conduct, Defendants knew that its collection, capture,

obtainment, disclosure, redisclosure and dissemination of impacted individuals' biometric identifiers and information would injure Illinois residents and citizens. Defendants knew or had reason to know that collecting, capturing, obtaining, disclosing, redisclosing and disseminating Illinois citizens' and residents' biometric identifiers and information without providing the requisite notice or obtaining the requisite releases would deprive Illinois citizens and residents of their statutorily-protected privacy rights, neutralize Illinois citizens' and residents' ability to control access to their biometric identifiers and information via their Illinois-managed devices and exposed minors in Illinois to potential surveillance and other privacy harms as they went about their lives within the state.

13. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to the claims alleged herein occurred in Illinois. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because this Court has personal jurisdiction over Defendants.

## PARTIES

14. Plaintiff D.M., a minor, was and remains an Illinois resident. Plaintiff's guardian, D.H. was also, at relevant times, and is through the date of this filing an Illinois resident. Defendants performed facial geometric scans of Plaintiff through Plaintiff's use of the App.

15. Defendant TikTok, Inc. is a California corporation with its principal place of business in Culver City, California. TikTok, Inc. has a registered agent in Illinois.

16. Defendant ByteDance, Inc. is a Delaware corporation with its principal place of business in Palo Alto, California. ByteDance, Inc. has a registered agent in Illinois.

## FACTUAL ALLEGATIONS

**I.    Illinois's Biometric Information Privacy Act**

17. BIPA seeks to safeguard individuals' biometric identifiers and information.

18.    In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."[5] BIPA makes it unlawful for a company to, inter alia, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers and/or biometric information, unless it first:

    a.    informs the subject…in writing that a biometric identifier or biometric information is being collected or stored;

    b.    informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

    c.    receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

19.    Section 15(a) of BIPA also provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

*Id.* at 14/15(a).

20.    Under BIPA, "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

21.    "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual.

---

[5]    Illinois House Transcript, 2008 Reg. Sess. No. 276, May 30, 20087, at 249, available at http://www.ilga.gov/house/transcripts/htrans95/09500276.pdf (last accessed May 11, 2020).

22.     As alleged below, Defendants' practices of collecting, storing and using individuals' biometric identifiers (specifically, facial geometry) and associated biometric information without informed written consent violate all three prongs of § 15(b) of BIPA.

23.     Defendant's failure to provide a publicly available written policy regarding their schedule and guidelines for the retention and permanent destruction of individuals' biometric identifiers and biometric information also violates § 15(a) of BIPA.

24.     BIPA provides for a private right of action and allows a prevailing party to recover liquidated damages in the amount of: (a) $1,000 or actual damages, whichever is greater, for negligent violations of its provisions; and (b) $5,000 or actual damages, whichever is greater, for intentional or reckless violations of its provisions.  740 ILCS § 14/20.  BIPA also allows for the recovery of attorneys' fees and costs and injunctive relief.  740 ILCS § 14/20.

## II.     Defendants Utilize Biometric Facial Recognition Software Through Their App

25.     ByteDance the parent company of TikTok, first launched the App (then known as "Douyin") in China in September 2016.  The App ultimately became available in the United States in August 2018 following a merger between TikTok and Shanghai-based social media platform musical.ly.  While TikTok and Douyin are similar to each other and essentially the same App, they run on separate servers to comply with Chinese censorship restrictions.

26.     The App allows users to create short music and lip-sync videos of 3 to 15 seconds and short looping videos of 3 to 60 seconds.  By October 2018, TikTok was the most downloaded App in the United States.

27.     As of January 2020, users in their teens, like Plaintiff and Class members, accounted for 37.2 percent of TikTok's active user accounts in the United States.

28.     Defendants implemented an artificial intelligence tool in the App that automatically performs these facial scans.  This technology permits users to superimpose images onto their face or to use various "filters" that alter, distort, or enhance their facial features.

29.     The App features are able to estimate the user's age through its face scan tools.[6]

### III.     Defendants' Biometric Facial Recognition Software Violates BIPA

30.     In collecting, capturing and otherwise obtaining the biometric identifiers and information of Plaintiff and Class members and, upon information and belief, subsequently disclosing, redisclosing and otherwise disseminating those biometric identifiers and information to other related corporate entities[7] – all without providing the requisite notice, obtaining the requisite releases or satisfying any of BIPA's other provisions that would excuse it from BIPA's mandates – Defendants violated BIPA.

31.     In direct violation of § 15(b)(1) of BIPA, Defendants scan every video uploaded to the App for faces, extracts geometric data relating to the unique points and contours (*i.e.,* biometric identifiers) of each face, and then uses that data to create and store a template of each face scan and collect, and then store in an electronic database, copies of its patrons' face geometry when they use Defendants' App – all without ever asking for the requisite prior express consent.

---

[6]  Georgia Wells & Yoree Koh, TikTok Wants to Grow Up, but Finds It Tough to Keep Kids Out (Feb. 16, 2020 at 8:00 a.m.), https://www.wsj.com/articles/tiktok-wants-to-grow-up-but-finds-it-tough-to-keep-kids-out11581858006. (last accessed May 11, 2020).

[7]  https://www.tiktok.com/legal/privacy-policy?lang=en ("We share the categories of personal information listed above with service providers and business partners to help us perform business operations and for business purposes, including research, payment processing and transaction fulfillment, database maintenance, administering contests and special offers, technology services, deliveries, email deployment, advertising, analytics, measurement, data storage and hosting, disaster recovery, search engine optimization, marketing, and data processing"). (last accessed May 11, 2020).

32.     In direct violation of §§ 15(b)(2) and 15(b)(3) of BIPA, Defendants never informed patrons who had their facial geometry collected of the specific purpose and length of term for which their biometric identifiers or information would be collected, stored and used.

33.     In direct violation of § 15(a) of BIPA, Defendants do not have written, publicly available policies identifying their retention schedules, or guidelines for permanently destroying any of these biometric identifiers or biometric information.

**IV.     Plaintiff's Specific Experience**

34.     Plaintiff D.M., a 17-year-old minor and resident of Illinois, has, within the applicable statute of limitations, uploaded and posted numerous videos to TikTok which include images of her face, and her face has appeared in other users' uploaded videos.  Plaintiff has uploaded videos, and/or Plaintiff's face has appeared in videos uploaded by other users, employing TikTok's face sticker, face filter, and face tracker lens technology.

35.     Through these videos, Defendants have collected and stored Plaintiff's unique biometric identifiers or biometric information.  Upon information and belief, Defendants have disclosed and/or disseminated these biometric identifiers or biometric information to third parties.

36.     Defendants did not inform Plaintiff in writing that it was capturing and collecting the biometrics of individuals using its App, the purpose and length of time for such collection, nor did Defendants obtain Plaintiff or the Class members' written consent before capturing their facial geometry information.

37.     Defendants never made publicly available a written policy establishing a retention schedule and guidelines for permanently destroying scans of Plaintiff's facial geometry.

38.     Plaintiff never consented, agreed or gave permission–written or otherwise–to Defendants for the collection or storage of Plaintiff's unique biometric identifiers or biometric information.

39.     Likewise, Defendants never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or to prevent the collection, storage or use of her unique biometric identifiers or biometric information.

40.     By collecting her unique biometric identifiers or biometric information without Plaintiff's consent, Defendants invaded Plaintiff's statutorily protected right to privacy in her biometrics.

41.     Finally, Defendants never provided Plaintiff with a retention schedule and/or guideline for permanently destroying her biometric identifiers and biometric information and does not make any such policy publicly available.

**V.     Plaintiff's and Class Members' Injuries and Damages**

42.     As the Illinois General Assembly has found and both the Illinois Supreme Court and Seventh Circuit Court of Appeals have confirmed, as a result of Defendants' unlawful conduct, the harm to Plaintiff and Class members as a result of the BIPA violations alleged herein has already occurred.

43.     Defendants' unlawful conduct has resulted in, among other things: (a) Plaintiff's and Class members' unique biometric identifiers and information being collected, captured, obtained, disclosed, redisclosed, and otherwise disseminated without the requisite notice having been given and without the requisite releases having been obtained; and (b) Plaintiff and Class members being deprived of the very control over their biometric identifiers and information that BIPA was designed to protect, and which Illinois courts both State and Federal have reaffirmed.

44.     To this day, Plaintiff and Class members do not know which, or how many, individuals or entities have received, obtained, accessed, stored, disclosed, redisclosed or otherwise made use of Plaintiff's and Class members' biometric identifiers and information, exposing them to the imminent and certainly impending injuries of identity theft, fraud, stalking, surveillance, social engineering and other invasions of privacy.[8]

45.     As a result of Defendants' misconduct, Plaintiff and Class members have no recourse for the fact that their biologically unique information has been compromised.

**CLASS ACTION ALLEGATIONS**

46.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of similarly situated individuals, defined as follows (the "Class"):

> All Illinois residents who, within the applicable statute of limitations, registered for or used the TikTok App when aged 14 through 17, and their parents and/or legal guardians.

> Excluded from the Class are: (a) Defendants; (b) any parent, affiliate or subsidiary of Defendants; (c) any entity in which Defendants have a controlling interest; (d) any of Defendants' officers or directors; or (e) any successor or assign of Defendants.  Also excluded are any judge or court personnel assigned to this case and members of their immediate families.

> Plaintiff reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

47.     **Numerosity**.  The number of persons within the Class is substantial, believed to amount to thousands of persons or more. It is, therefore, impractical to join each member of the Class as a named plaintiff. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendants' records.

---

[8]     "*Facial Recognition Tech: 10 Views on Risks and Rewards*," at https://www.forbes.com/sites/forbestechcouncil/2018/04/03/facial-recognition-tech-10-views-on-risks-and-rewards/#54d3e1716b3c (last accessed on May 11, 2020)

48.     **Commonality & Predominance.**  There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from Class member to Class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

a.      Whether Defendants captured, collected, or otherwise obtained the biometric identifiers or information of Plaintiff and Class members;

b.      Whether Defendants properly informed Plaintiff and Class members that it captured, collected, used, and stored their biometric identifiers or biometric information;

c.      Whether Defendants obtained a written release (as defined in 740 ILCS 14/10) to capture, collect, use, and store Plaintiff's and the Class members' biometric identifiers or biometric information;

d.      Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of their last interaction, whichever occurs first;

e.      Whether Defendants used Plaintiff's and the Class members' biometric identifiers or biometric information to identify them;

f.      Whether Defendants' violations of BIPA were committed intentionally, recklessly, or negligently;

g.      Whether Plaintiff and Class members are entitled to statutory damages under BIPA and the correct measure of those damages; and

h.      Whether Plaintiff and Class members are entitled to declaratory and injunctive relief.

49.     **Typicality.**  Plaintiff's claims are typical of those of the other members of the Class because, among other things, Defendants collected, captured, received, otherwise obtained, stored, and/or used their biometric information without informed consent in the exact same manner for each Class member.

50.     **Adequacy.**  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in complex class actions and intend to vigorously prosecute this case on behalf of the Class. Further, Plaintiff has no interests that are antagonistic to the Class.

51.     **Superiority.**  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to invest the time and expense necessary to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the maintenance of this action as a class action presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**CLAIMS FOR RELIEF**

**<u>COUNT I</u>**
**VIOLATION OF 740 ILCS § 14/15(a) – FAILURE TO INSTITUTE, MAINTAIN, AND ADHERE TO PUBLICLY AVAILABLE RETENTION SCHEDULE**

52.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

53.     BIPA mandates that companies in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those companies must: (i) make publicly available a written policy establishing a retention

schedule and guidelines for permanent deletion of biometric data (at most three years after the company's last interaction with the individual); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

54.    Defendants fail to comply with these BIPA mandates.

55.    Defendants are Illinois corporations registered to do business in Illinois and thus qualify as a "private entity" under BIPA. *See* 740 ILCS 14/10.

56.    As detailed above, Plaintiff is an individual who had her "biometric identifiers" collected by Defendants. *See* 740 ILCS 14/10.

57.    Plaintiff's biometric identifiers were used to identify Plaintiff and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

58.    Defendants failed to provide a publicly available retention schedule or guidelines for permanently destroying biometric identifiers and biometric information as specified by BIPA. *See* 740 ILCS 14/15(a).

59.    Upon information and belief, Defendants lack retention schedules and guidelines for permanently destroying Plaintiff's and the Class members' biometric data and have not and will not destroy Plaintiff's and the Class members' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of the individual's last interaction with the company.

60.    On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring each Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or,

in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## <u>COUNT II</u>
## VIOLATION OF 740 ILCS § 14/15(b) – FAILURE TO OBTAIN INFORMED WRITTEN CONSENT AND RELEASE BEFORE OBTAINING BIOMETRIC IDENTIFIERS OR INFORMATION

61.　　Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62.　　BIPA requires companies to obtain informed written consent from employees before acquiring their biometric data. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information…" 740 ILCS 14/15(b).

63.　　Defendants fail to comply with these BIPA mandates.

64.　　Defendants are Illinois corporations registered to do business in Illinois and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

65.　　Plaintiff and the Class are individuals who have had their "biometric identifiers" collected by Defendants, as explained in detail above. *See* 740 ILCS 14/10.

66.　　 Plaintiff's and the Class members' biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by BIPA. *See* 740 ILCS 14/10.

67.     Defendants systematically and automatically collected, used, stored and disseminated Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

68.     Defendants never informed Plaintiff and the Class members in writing that their biometric identifiers and/or biometric information were being collected, stored, used and disseminated, nor did Defendant inform Plaintiff and the Class in writing of the specific purpose(s) and length of term for which their biometric identifiers and/or biometric information were being collected, stored, used and disseminated as required by 740 ILCS 14/15(b)(1)-(2).

69.     By collecting, storing, using and disseminating Plaintiff's and the Class members' biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class members' rights to privacy in their biometric identifiers and/or biometric information as set forth in BIPA. *See* 740 ILCS 14/1, *et seq*.

70.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class members by requiring Defendants to comply with BIPA's requirements for the collection, storage, use and dissemination of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully seeks from the Court the following relief:

A.      Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing her counsel as Class Counsel;

B.      Declaring that Defendants' actions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

C.      Awarding statutory damages of $5,000.00 for each and every intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000.00 for each and every violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of the Class, including, inter alia, an Order requiring Defendants to comply with BIPA;

E.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

F.      Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G.      Awarding such other and further relief as equity and justice may require.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all claims so triable.

Dated: May 13, 2020

Respectfully submitted,

*/s/ Douglas A. Millen*
Douglas A. Millen
Brian M. Hogan
FREED KANNER LONDON &
    MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, Illinois 60015
Tel.: (224) 632-4500
Fax: (224) 632-4521
dmillen@fklmlaw.com
bhogan@fklmlaw.com

Jonathan M. Jagher
Kimberly A. Justice
FREED KANNER LONDON &
    MILLEN LLC
923 Fayette St.
Conshohocken, Pennsylvania 19428
Tel.: (610) 234-6487
Fax: (224) 632-4521
jjagher@fklmlaw.com
kjustice@fklmlaw.com